NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHENGLONG ZHANG, | No. 15-70382 |
| Petitioner, | Agency No. A201-192-419 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 27, 2020**

Before: SCHROEDER, TROTT, and SILVERMAN, Circuit Judges.

Shenglong Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Zhang's asylum application was untimely, which turned on the resolution of disputed facts concerning the phone call from which Zhang purportedly learned of changed circumstances in China. 8 U.S.C. § 1158(a)(3); *Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013). We also lack jurisdiction to review the IJ's adverse credibility determination because Zhang failed to challenge that determination before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

In any event, the BIA did not err in concluding in the alternative that even if the alleged phone call did establish changed circumstances within the scope of 8 C.F.R. § 1208.4(a)(4), Zhang had not established that he filed his asylum application within a reasonable time after learning that information. His unpersuasive explanation for his delay was that his work made it "not convenient". § 1208.4(a)(4)(ii).

Substantial evidence supports the agency's conclusion that Zhang otherwise failed to establish he would more likely than not be persecuted because of a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017); *see also Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) ("A

personal dispute is not . . . tantamount to persecution based on an imputed political opinion."); *Weiping Chen v. Holder*, 744 F.3d 527, 534 (7th Cir. 2014) (denying a petition for review where the agency concluded that a protest against a taking "should be characterized as a personal property dispute rather than an expression of political opinion."). Zhang is not eligible for withholding of removal.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**